**In the Matter of James J. FRANK.**

**No. 1082S393.**

Supreme Court of Indiana.

Oct. 15, 1982.

M. Anne Wilcox, Wilcox, Ogden & Dumond, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Thomas J. Opsut, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

The Disciplinary Commission of the Indiana Supreme Court and James J. Frank, Respondent herein, have submitted for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline pursuant to Admission and Discipline Rule 23, Section 11(d). The Respondent has also submitted the requisite affidavit pursuant to Admission and Discipline Rule 23, Section 17(a). This Court, having examined all tendered matters, now finds that the agreement of the parties should be accepted and that the agreed discipline, a public reprimand, should be approved.

Accordingly, this Court finds that James J. Frank obtained from the Lake County Small Claims Courts the names of persons who were charged with driving under the influence of alcohol and for whom no attorney had entered an appearance of record. The Respondent sent a letter to approximately twenty such persons advising them of the Court practices relative to such charges, his successful experience in plea bargaining such cases, and his fee for the service. The Respondent also encouraged these defendants to retain their own attorney if they had one and, in some letters, the

Respondent listed the names of other Lake County attorneys who handled these sort of cases and could accomplish the same result. By sending out the foregoing letter, the Respondent recommended employment of himself to lay persons who had not sought his advice. Such conduct is in violation of Disciplinary Rule 2–103(A) of the *Code of Professional Responsibility for Attorneys at Law.*

The facts in this case establish that Respondent set out purposely to obtain the names of persons who needed representation and to solicit their business by recommending himself. The public does benefit by information which may aid them in recognizing their legal problem and selecting a lawyer. However, the manner and substance of Respondent's solicitation goes far beyond the information limitation. The Respondent's conduct serves to unduly influence the legally unsophisticated persons into believing that the Respondent could and would get a favorable resolution of their case and to persuade them to retain Respondent. Such conduct is detrimental to the public and offensive to our system of justice.

In light of the foregoing considerations, we find that the agreed discipline, a public reprimand, is appropriate. Therefore, it is hereby ordered that the Respondent be and he hereby is reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.

PRENTICE, J., would direct the Supreme Court Disciplinary Commission to submit a brief relating to the efficacy of disciplinary restraints on solicitation or in the alternative to dismiss.